**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:**

BENTON SMITH

        Plaintiff,
vs.

MIDLAND FUNDING, LLC.,
a Kansas corporation

        Defendant,

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**
_____

COMES NOW the Plaintiff, by and through the undersigned attorneys and hereby files this Complaint and Jury Demand against the above-stated Defendant and in support of said Complaint states as follows:

## JURISDICTION AND VENUE

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (hereinafter the "FDCPA")

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3. Venue is proper because the acts and transactions occurred in Colorado, the Plaintiff resides in Colorado, and the Defendant transacts business in Colorado.

## PARTIES

4. Plaintiff is a natural person residing in the City and County of Denver, State of Colorado.

5. Defendant Midland Funding, LLC is a Delaware corporation operating from an address at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. The Defendant's registered agent in the state of Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

## FACTUAL ALLEGATIONS

7. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Midland Funding, LLC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Midland Funding, LLC. is registered as a collection agency by the state of Colorado.

13. In 2008 Plaintiff became indebted on a credit card account with First USA bank.

14. The account is a "debt" as the term is defined by 15 U.S.C. §1690a(5).

15. The account went into default with the original creditor.

16. Sometime after the account went into default, the account was placed or otherwise transferred to the Defendant Midland Funding, LLC. for collection from the Plaintiff.

17. Midland Funding, LLC. is in the business of purchasing delinquent consumer accounts.

18. Midland Funding, LLC., through its attorneys, caused a summons and complaint to be served on the Plaintiffs.

19. Midland Funding, LLC. brought a civil action for the debt against Plaintiff in Denver County Court, Midland Funding, LLC v. Benton Smith Case # 2013c59141.

20. On April 10, 2014 a bench trial was held, Hon. Larry Bohning presiding, and verdict for Defendant Benton Smith was entered.

21. On April 28, 2014 Defendant communicated information directly or indirectly regarding the account to Experian, Equifax and/or Transunion.

22. The information communicated to to Experian, Equifax and/or Transunion regarding the account was made for the purpose of collecting the debt.

23. The information communicated after May 7, 2013 to Experian, Equifax and/or Transunion by Midland Funding, LLC regarding the Account constituted a "communication" as defined by FDCPA § 1692a(2).

24. Defendant conveyed that the original creditor of the account was Chase Bank USA.

25. Defendant conveyed that the balance owed on the account was $11,533.00.

26. Defendant conveyed that $11,533.00 was owed to Midland Funding, LLC.

27. Defendant conveyed that $11,533.00 was past due.

28. In fact, by virtue of the verdict rendered in Case # 2013c59141 Midland Funding was not owed any amount.

29. The information communicated by Defendant to Experian, Equifax and/or Transunion constituted false statements of the amount, character and legal status of the debt in violation of 15 U.S.C.§ 1692(e)(2).

30. The information communicated by Defendant to Experian, Equifax and/or Transunion constituted a false representation used in an attempt to collect a debt in violation of 15 U.S.C.§ 1692(e)(10).

31. The information communicated by Defendant to Experian, Equifax and/or Transunion constituted an attempt to collect an amount not permitted by law in violation of 15 U.S.C.§ 1692(f)(1).

## COUNT ONE
## FDCPA VIOLATIONS

32. The previous paragraphs are incorporated into this Count as if set forth in full.

33. The act(s) and omission(s) of the Defendants constitute a violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e(2), 1692(e)(10) and 1692(f )(1).

34. The acts and omissions of the Defendant are multiple, willful and intentional.

35. Pursuant to U.S.C. § 1692k the Plaintiff is entitled to damages, reasonable attorney fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff request this Court to enter a judgment against Defendants as follows:

    A. A finding that the Defendants violated the FDCPA and/or an admission from Defendants that it violated the FDCPA.

    B. Damages pursuant to 15 U.S.C. § 1692k(a).

    C. Reasonable attorney fees and cost pursuant to  U.S.C. § 1692k(a)(3).

    D. Granting such other and further relief as may be deemed just and proper.

**DEMAND FOR JURY**

Plaintiff hereby demand a trial by jury as to all issued raised herein.

RESPECTFULLY submitted this 3rd day of June, 2014.

<u>s Richard Wynkoop</u>
Richard Wynkoop
Wynkoop Law Office, PLLC
3705 Kipling St. #201
Wheat Ridge, CO
720-855-0451
Attorney for Plaintiff